IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DYWANE M. HERBERT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ARMANDO MENDEZ, et al. | : | NO. 12-0879 |

MEMORANDUM

DAVIS, J.                                                                  MARCH 2𝒲, 2012

     Dywane Herbert brought this pro se action against Target Department Store, his former employer; Armando Mendez, M.D.; Lauren Gomez Frank; Mercy Fitzgerald Hospital; Sedgwick CMS; and Shannon Piccirillo Mickle, Esq. He seeks to proceed in forma pauperis. For the following reasons, the Court will grant Herbert leave to proceed in forma pauperis and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3).

     The complaint alleges that Herbert was injured on June 8, 2008 while he was working as an overnight stock clerk at Target. He reported the injury to his manager, but did not fill out any paperwork at the time. Herbert was eventually treated at Mercy Fitzgerald Hospital. He was not given an MRI or an x-ray, and was diagnosed with a lumbar spine sprain. He was later examined by Armando Mendez, M.D., who also diagnosed him with a lumbar sprain. Herbert apparently applied for workers compensation benefits but Sedgwick CMS, as an agent for Target, denied his

claim.[1] At some point thereafter, Herbert received an MRI and learned that he had two bulged discs and "disc herniation with damage to nerve roots" on both sides. He appears to be asserting claims for negligence, negligent and/or intentional infliction of emotional distress, and medical malpractice.

Herbert's motion to proceed in forma pauperis is granted. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies, which requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). Under that standard, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

On page two of his complaint, Herbert indicates that his case involves federal questions of law. However, the Court

---

[1] It appears from a letter attached to Herbert's second motion to proceed in forma pauperis that his workers' compensation case is still pending in the state courts.

cannot discern any basis for a federal claim from the facts alleged in the complaint. To the extent Herbert sought to raise state law claims against the defendants, there is no basis for diversity jurisdiction because it appears from the complaint that plaintiff and at least one of the defendants are citizens of Pennsylvania. Thus, there is not complete diversity of citizenship among the parties, as is required to justify diversity jurisdiction. See 28 U.S.C. § 1332(a); Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant.").

This result should not surprise Herbert. Before he filed this case, he filed a complaint against three of the defendants based on the same underlying events. (Herbert v. Sedgwick CMS, E.D. Pa. 12-684.) That complaint was dismissed because it failed to state a claim within the court's federal jurisdiction. The same result is warranted here. Furthermore, leave to amend will not be given because amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002). An appropriate order follows.